UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| OCTAVIUS DEONTE ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00336-JPH-MG |
| ) | |
| EDWARDS, ) | |
| RYAN THOMPSON, ) | |
| ANASTASIA BARNHART, ) | |
| MORRIS, ) | |
| PARRISH, ) | |
| RENSTROM, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Octavius Deonte Alexander, a former inmate within the Indiana Department of Correction ("IDOC") brought this lawsuit pursuant to 42 U.S.C. § 1983 while he was incarcerated at Putnamville Correctional Facility ("Putnamville"). Dkt. 2. Mr. Alexander alleges that Defendant Edwards violated the Eighth Amendment's prohibition against excessive force by using a Taser on him while Mr. Alexander was having a medical emergency and his hands were restrained. Dkt. 12 (Screening Order). He also alleges that Defendants Morris, Renstrom, Parrish, and Barnhart violated the Eighth Amendment when they failed to intervene to stop Defendant Edwards from applying the Taser. *Id.* He also alleges that Defendant Thompson violated the Eighth Amendment by giving him Narcan without taking any steps to assess his medical condition, thereby causing him to suffer serious side effects. *Id.* Finally, he brings state-law medical malpractice claims against Defendants Thompson and Barnhart. *Id.* All

1

Defendants but Defendant Edwards have moved for summary judgment arguing that Mr. Alexander failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit.

## I.
## LEGAL STANDARD

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). In deciding summary judgment, the Court "may not make credibility determinations, weigh

the evidence, or decide which inferences to draw from the facts." *Runkel v. City of Springfield*, 51 F.4th 736, 741 (7th Cir. 2022).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## II.
## BACKGROUND

### A. Offender Grievance Process

The IDOC has a standardized grievance process. Dkt. 27-1 ¶ 6 (Affidavit of Chris Williams); dkt. 27-4 (policy). The purpose of the grievance process is to provide prisoners with a means of resolving concerns and complaints related to the conditions of their confinement. Dkt. 27-1 ¶ 6. Mr. Alexander does not dispute that he was aware of the grievance process. *See generally* dkts. 35, 40.

During the period relevant to Mr. Alexander's complaint, the grievance process consisted of three steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions; (2) a written appeal to the Warden or his designee; and (3) a written appeal to the IDOC

Grievance Manager. Dkt. 27-4 at 3. Each grievance form submitted must meet seven criteria. *Id.* at 9–10. The grievance must avoid the use of legal terminology and "explain how the situation or incident affects the offender." *Id.*at 9–10. The grievance process does not explicitly require inmates to name every individual involved in an incident. *See id.* (listing seven "standards" that each grievance must meet, *e.g.*, "[i]t shall relate to only one event or issue," and naming or listing the individuals involved is not mentioned).

### B. Mr. Alexander's Attempts to Exhaust

On or about April 29, 2021, Mr. Alexander submitted Grievance # 126915 about an incident that occurred on April 18, 2021. Dkt. 27-1 ¶ 10. In that grievance, he states:

> On 4/18/2021 a Signal 3000 was called, because I was having a siezure. Staff showed up and placed me in handcuffs while I was in a unresponsive like state. Narcan was used and I started coming to awareness, when I was hit with a Taser while in handcuffs; their was no reason for the use of Taser. I wasn't being aggressive, or nothing. I was in need of medical attention. So a Taser shouldn't have been deployed. Sgt. Edwards is lying when she said I was not complying just to get around the fact that she mistakenly Tased someone who needed medical attention. This violated my 8th Amendment right against cruel and unusual punishment. No one witnessed me being aggressive or anything this is just her saying this.
>
> I want to be compensated for damages, or the next step is a 1983 lawsuit for a 8th Amendment violation. And her Sgt. Status taken. And all relief deemed just and proper.

Dkt. 27-3 at 6 (errors in original).

That grievance was denied. *Id.* at 5. Mr. Alexander filed a first-level appeal. In that appeal, he states:

> This appeal is for the denied grievance that was filed on April 18th 2021. On said dated a medical emergency Signal 3000 was called. I was having a seizure. Staff showed up and placed me in handcuff while I was unresponsive. Medical was there and use a dose of Narcan and I started to come into awareness. When I was Tased by Sgt. Edward. While in handcuff's. There was no reason for the use of a Taser. I wasn't being aggressive or nothing to staff. I was in need of medical attention. A Taser should've never been deployed while I was handcuff's. Sgt. Edwards is lying when she said "I wasn't complying. Just to get around the fact she tased me. With no need to when clearly a medical signal called for an emergency. The grievance should've been granted on all level of relief that was seeked. Please see grievance #126915.

*Id.* at 3 (errors in original). Mr. Alexander's appeal was denied, so he filed a second-level appeal, which was also denied. *Id.* at 1–2.

### III.
### DISCUSSION

Defendants Thompson, Barnhart, Morris, Parrish, and Renstrom claim they are entitled to summary judgment because Mr. Alexander failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a lawsuit concerning prison conditions under 42 U.S.C. § 1983, "or any other federal law." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its

proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

At a minimum, a grievance must "alert the prison to the nature of the wrong for which redress is sought." *Westefer v. Snyder,* 422 F.3d 570, 580 (7th Cir. 2005) (cleaned up). Put another way, a goal of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th Cir. 2001).

The prison's grievance process, not the PLRA, defines the "applicable procedural rules" that a prisoner must exhaust. *Jones v. Bock,* 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton,* 310 F. App'x 10, 15 (7th Cir. 2009) ("[P]risoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

### A. Medical Defendants

The Medical Defendants—Ryan Thompson and Anastasia Barnhart—ask the Court to enter judgment in their favor because Mr. Alexander did not exhaust administrative remedies before filing suit. Dkt. 26. Their motion does not mention the state-law claims against them. To the extent that they are seeking summary judgment on exhaustion grounds with respect to those claims, their motion is **denied** because the PLRA does not apply to state-law claims. 42 U.S.C. § 1997e(a); *see also McDaniel v. Meisner*, 617 F. App'x 553, 556 n.3 (7th Cir. 2015) ("We note that the exhaustion requirements of the Prison Litigation Reform Act do not apply to state-law claims.").

As to the federal claims, the Medical Defendants concede that Mr. Alexander exhausted administrative remedies as to Grievance # 126915. Dkt. 26 at 5. They argue, however, that Mr. Alexander did not exhaust his claims against them because his grievance did not "condemn any actions taken by Ryan Thompson, Anastasia Barnhart, or any other member of the medical staff, for that matter." *Id.* In response, Mr. Alexander states that he exhausted all administrative remedies because he filed a grievance on April 29, 2021, about this case. Dkt. 35.[1]

As to Mr. Alexander's Eighth Amendment medical-care claim against Defendant Thompson, the Court agrees that Mr. Alexander failed to exhaust

---

[1] Mr. Alexander also filed a document styled as a "surreply." Dkt. 40. The Medical Defendants did not file a reply in support of their motion for summary judgment, so Mr. Alexander's surreply was of no effect as to them, and the Court does not consider it in deciding the Medical Defendants' motion for summary judgment. S.D. Ind. Local Rule 56-1(d) ("A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response.").

available administrative remedies. In his Complaint, Mr. Alexander alleges that Defendant Thompson violated the Eighth Amendment by giving him Narcan without assessing his medical condition, thereby causing him to suffer serious side effects. Dkt. 12. Mr. Alexander's grievance and appeal state that Narcan was administered, but do not fairly alert prison officials that the administration of Narcan was part of "the nature of the wrong for which redress is sought." *Strong*, 297 F.3d at 650. Narcan is used to treat opioid overdoses, not epilepsy, so it could potentially have been part of the alleged wrongdoing. But, read fairly in the context of Mr. Alexander's grievance and appeal, the administration of Narcan is presented as a contextual background fact, not part of the alleged wrongdoing. *See* dkt. 27-3 at 6 ("Narcan was used and I started coming to awareness, when I was hit a Taser while in handcuffs; their [sic] was no reason for the use of Taser. . . . Sgt. Edwards . . . mistakenly Tased someone who needed medical attention."); dkt. 27-3 at 3 ("Medical was there and use a dose of Narcan and I started to come into awareness. When I was Tased by Sgt. Edward. While in handcuff's. There was no reason for the use of a Taser. I wasn't being aggressive or nothing to staff. I was in need of medical attention. A Taser should've never been deployed while I was handcuff's.").

Moreover, neither the grievance nor the appeal state how being given Narcan affected him as required by the grievance policy, dkt. 27-4 at 9-10. Therefore, neither the grievance nor the appeal alerted prison officials that Mr. Alexander was alleging that he had been harmed by, or was seeking redress for, having been given Narcan. *Strong*, 297 F.3d at 650. Accordingly, Mr. Alexander

8

failed to exhaust his administrative remedies as to his Eighth Amendment medical-care claim against Defendant Thompson. *See Westefer*, 422 F.3d at 580 (at a minimum, the grievance must "alert the prison to the nature of the wrong for which redress is sought" (cleaned up)).

Defendant Barnhart, however, has not demonstrated that Mr. Alexander failed to exhaust his administrative remedies as to his Eighth Amendment failure-to-intervene claim against her. The Medical Defendants do not address this claim separately in their summary-judgment briefing, instead relying on the general argument that Mr. Alexander failed to exhaust this claim because he did not "condemn any actions taken by" Defendant Barnhart. Dkt. 26 at 5. As explained above, however, the IDOC grievance process does not require inmates to name all the individuals involved in an incident, so Mr. Alexander's failure to name Defendant Barnhart in his grievance does not foreclose a claim against her. Moreover, the only substantive requirement of the grievance process is that the grievance describe how the situation or incidents affected the inmate.

Mr. Alexander's grievance makes clear that he was complaining about being Tased while handcuffed, and it is undisputed that Mr. Alexander exhausted his administrative remedies as to the Taser incident. Defendant Barnhart fails to explain why Mr. Alexander's grievance was insufficient to alert officials that there was a problem with the Taser incident and why it was insufficient to meet the requirement that Mr. Alexander describe how the situation or incidents affect him. Accordingly, she has failed to meet her burden of showing that Mr. Alexander failed to exhaust his available administrative

9

remedies as to his claim that she failed to intervene to protect him from being Tased by Defendant Edwards. *Cf. Johnson v. Merritt*, No. 2:13-cv-441-WTL-DKL, 2014 WL 5846747, at *2 (S.D. Ind. Nov. 12, 2014) (denying summary judgment on exhaustion grounds for failure-to-protect claim by federal inmate where inmate exhausted his claim about the underlying assault and the relevant grievance policy was silent as to the level of detail required to properly exhaust a claim).

Accordingly, the Medical Defendants' motion for summary judgment, dkt. [25], is **granted** as to Mr. Alexander's Eighth Amendment medical-care claim against Defendant Thompson but **denied** in all other respects.

### B. State Defendants

The State Defendants—Officers Morris, Parrish, and Renstrom—also move for summary judgment as to the failure-to-intervene claims against them.[2] They concede that Mr. Alexander exhausted his excessive-force claim against Sergeant Edwards, dkt. 33 at 2, but argue that Mr. Alexander did not exhaust his failure-to-intervene claims against them. While they acknowledge that Mr. Alexander was not required to mention every defendant in his grievance, they argue that his grievance was insufficient because he did not "make any reference to his claims against State Defendants" and "[n]othing in the grievance can reasonably be construed to place prison officials on notice that Plaintiff had any complaint about the action or inaction of anyone present except Defendant Edwards." *Id.* at 5.

---

[2] Sergeant Edwards withdrew her exhaustion defense. Dkt. 31.

The State Defendants' arguments fail for the same reason as Defendant Barnhart's arguments. Mr. Alexander was not required to name every participant in his grievance, and the IDOC grievance process affirmatively prohibited him from using legal terminology. As explained above, Mr. Alexander's grievance put officials on notice that he was complaining about being Tased while he was suffering the effects of a seizure and his hands were restrained, which was all he was required to do. Accordingly, the State Defendants' motion for summary judgment, dkt. [32], is **denied**.

## IV.
## CONCLUSION

For the reasons explained above, the Medical Defendants' motion for summary judgment, dkt. [25], is **granted** as to the Eighth Amendment medical-care claims against Defendant Thompson, but is **denied** in all other respects, meaning that the Eighth Amendment failure-to-intervene claim against Defendant Barnhart and the state-law medical malpractice claims against the Medical Defendants remain pending. Mr. Alexander's Eighth Amendment medical-care claim against Defendant Thompson is **dismissed without prejudice**. Because other claims remain pending, partial final judgment will not enter at this time.

The State Defendants' motion for summary judgment, dkt. [32], is **denied**.

The Court has now determined that Mr. Alexander's grievance adequately put the State Defendants and Defendant Barnhart on notice of his Eighth Amendment failure-to-intervene claims against them. Given that the Medical Defendants and the State Defendants concede that Mr. Alexander exhausted his

administrative remedies with respect to that grievance, the current record before the Court shows that Mr. Alexander is entitled to summary judgment on the affirmative defense of exhaustion as to the failure-to-intervene claims. Therefore, pursuant to Rule 56(f)(1), the Court gives the State Defendants and Defendant Barnhart notice of its intent to grant summary judgment in Mr. Alexander's favor on this issue. The State Defendants and Defendant Barnhart have **through January 25, 2023,** in which to respond to the Court's proposal. Alternatively, they may withdraw their affirmative defenses of exhaustion by that date.

**SO ORDERED.**

Date: 1/11/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

OCTAVIUS DEONTE ALEXANDER
320 Brown Street, Apt 605
Lafayette, IN 47906

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Thomas Pratt
Office of Indiana Attorney General
Thomas.Pratt@atg.in.gov

Sarah Jean Shores-Scisney
Stoll Keenon Ogden PLLC (SKO)
sarah.shores@skofirm.com